IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL D. CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-046 |
| | ) | |
| STEVEN DUPREE; EUGENE SAPP; WARDEN HILTON HALL; UNIT MANAGER VERONICA STUWART; LT. DENSON CHARLES; SGT. TAMEKIA DENSON; WARDEN SCOTT CRICKMAR; LT. BRADLEY; UNIT MANAGER SHERMAN DAVID; FORMER WARDEN PHILLIP HALL; NATHAN BROOKS; RODNEY MCLOUD; FREDRICK JOHNSON; DAWN CHAIR; and ESTATE OF TELFAIR STATE PRISON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 16, 2022, Plaintiff, an inmate at Georgia Diagnostic & Classification Prison in Jackson, Georgia, submitted a complaint for filing concerning events alleged to have occurred at various county and state facilities in Georgia. (Doc. no. 1.) Plaintiff did not submit the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). United States District Judge Tilman E. Self, III, transferred the case to the Dublin Division of the Southern District of Georgia because some of the events described allegedly occurred at facilities within the Southern District of Georgia, and most of the Defendants are employees of Telfair State Prison,

within the Dublin Division of this District.  (Doc. no. 3.)  Upon opening the case in the Southern District, the Clerk sent Plaintiff a deficiency notice on May 20, 2022, concerning the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1.  (See doc. no. 6.)  The notice explained failure to correct the deficiency could result in dismissal.  (See id.)  Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Local Rules when he did not submit a motion to proceed IFP or pay the filing fee, and when given the opportunity to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notice.  Plaintiff's failure to comply with the requirements of the Local Rules, and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment

2

3

of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of June, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA